

# The Attorney General of Texas

February 23, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Condemnation Section
Sixth Floor, Records Building
Dallas, Texas   75202

Opinion No. MW-449

Re:  May a county award a bid
with conditions different from
those   stated   in   the   bid
specifications

Dear Mr. Wade:

You  ask  whether  a  commissioners  court  may  accept  a  bid  with
conditions different from those set out in the bid specifications.

You state that the purchasing agent sent out bid documents for
the  purchase  of  asphalt,  liquids,  road  oils,  and  similar  items.
Although  the  "Notice  and  Instructions  to  Bidders"  uses  the  term
"annual contract" in relation to such items, none of the bid documents
provide  the  specific  term  of  the  contract.   Company  A  submitted  a
timely bid on some of the items, and the bid was accepted by the
commissioners' court on January 5, 1981, by an order.

The Specifications/Bid Proposal likewise did not state a contract
term for the bid.   The following language appears therein:

> Prices  are  to  be  firm  for  the  contract  period.
> Vendor  may  raise  prices  only  when  the  market
> justifies  with  a  30  day  written  notice.   The
> contract  may  be  terminated  on  a  30  day  written
> notice by either party.

Apparently, Company B submitted an untimely bid for the remaining
items covered by the same bid proposal on January 9, 1981, which bid
the commissioners' court accepted by another order.

Each of the two orders provided that each contract was awarded to
the lowest bidder "as per specifications and prices set forth in bid"
and "as per proposal presented."

The bid from Company B which was accepted by the commissioners
court contained a provision which was added by the bidder saying
"[t]he above prices are subject to change without notice."  Company B

also changed the units from tons to gallons or pounds on some of the asphalt items.

Competitive bidding is the foundation for purchasing by agencies of the state of Texas.  The supreme court in an opinion by Justice Norvell states:

> The purpose and intent of competitive bidding ordinances and statutes are well stated in Sterrett v. Bell, Tex. Civ. App., 240 S.W.2d 516, 520 (no wr. hist.) wherein it was said:
>
> 'Competitive bidding' requires due advertisement, giving opportunity to bid, and contemplates a bidding on the same undertaking upon each of the same material items covered by the contract; upon the same thing.  It requires that all bidders be placed upon the same plane of equality and that they each bid upon the same terms and conditions involved in all the items and parts of the contract, and that the proposal specify as to all bids the same, or substantially similar specifications.  Its purpose is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefits of the taxpayers and property owners. There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition, favor a contractor or materialman, or increase the cost of the work or of the materials or other items going into the project.

Texas Highway Commission v. Texas Association of Steel Importers, Inc., 372 S.W.2d 525, 527 (Tex. 1963).

Article 2368, V.T.C.S., requires that purchases by commissioners' courts or by cities in amounts of $3,000 or more must be committed to competitive bidding, and the case of Kelly v. Cochran, 82 S.W.2d 641 (Tex. 1935), finds the failure to have competitive bidding as grounds for holding a commissioners court purchase contract invalid.  See also V.T.C.S. arts. 1659, 1659a.

In setting out requirements for purchasing contracts for materials based on unit prices, article 2368a states in section 2a, in pertinent part:

> In the event a contract is to be let on a unit price basis, the information furnished bidders

> shall specify the approximate quantities estimated upon the best available information, but the compensation paid the contractor shall be based upon the actual quantities constructed or supplied.

We could find no approximation of quantities in the bid specifications as required above in section 2a. You pointed out also that the various provisions in the bid specifications with regard to the contract term and prices are themselves contradictory and confusing. On the one hand, the language provides that the prices are to be firm for the contract period, but the contract period is not specifically set out.

These ambiguous invitations and instructions for competitive bids left the bidding requirements to conjecture so that competitive bidding was prevented. The bids submitted in response thereto should not have been accepted. See Attorney General Opinions MW-299 (1981); H-24 (1973).

The untimely bid also violated article 2368a and would be void as section 2(d) states:

> (d) Any and all such contracts or agreements hereafter made by any county or city in this state, without complying with the terms of this Section, shall be void and shall not be enforceable in any court of this state and the performance of same and the payment of any money thereunder may be enjoined by any property taxpaying citizen of such county or city.

We do not reach your second question which was contingent upon an affirmative answer to the first question.

## S U M M A R Y

> The Commissioners Court of Dallas County may not accept a bid with conditions different from those stated in the bids.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jean Cornelius
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Jean Cornelius
Rick Gilpin
Jim Moellinger
Bruce Youngblood